We concur in the judgment pronounced by his Honor, Judge Heath, in this case, and for the reasons stated by him.
With respect to the facts, there is no controversy. The petitioner is a soldier in the Army of the Confederate States. About 1 November charges were preferred against him from some source, entitled, as we presume, to credit, as they invoked the action of his superior officers; and he was put under arrest and sent, for safe keeping, to the military prison in Salisbury, where, soon after his arrival, on 26 November, he sued out a writ of habeas corpus.
We are at a loss to conceive any ground upon which the application can be based, even with plausibility. A soldier, bound to service in the army, when once enrolled and assigned his post of duty, is in military *Page 334 
custody, and no longer at liberty to go about at will. His greatest freedom from restraint allows him only to move about within certain limits in the camp. For misconduct he may be put under arrest and confined to narrower limits or condemned to close confinement. And, I (518) take it, in any of these positions he is equally out of the reach of enlargement through civil tribunals until, at least, his term of enlistment expires.
It would indeed be a prolific source of jurisdiction for our judges if they could, or are bound to, carry the writ of habes corpus into the camp, the guardhouse, and the military prison, and inquire into the legality of the restraints there enforced.
Such an interference with the discipline of the army, if practicable, would utterly disorganize it.
Legitimate inquiry in such cases goes only to the extent of ascertaining whether the prisoner is rightfully in the army. If so, the civil tribunals leave him to the military, to be dealt with according to their rules and regulations. All the cases which have been before our judiciary have had for their object simply to inquire whether the petitioners were rightfully claimed as soldiers. We have no precedent, therefore, for proceeding with any such object as the one before us.
Supposing the petitioner to have ground for questioning the right to detain him as a soldier, he cannot be heard to do so now. Having waived his right until he is under arrest for offense, he cannot escape consequences by showing on a writ of habeas corpus that he was not bound to be there. This is laid down in Graham's case, in the Appendix to 53 N.C. at page 416.
But our case is of a soldier admitted to be in the service, and, therefore, with no claim to get out of it or be released from it. He has fallen under censure; he has been imprisoned subject to charges; and from this he desires to be relieved. How, and to what end? We cannot set him at large, we cannot hasten the action of the military tribunals, and it would be an unheard-of novelty to order him from the guardhouse to some position in the ranks of the army. Such a power involves again a troublesome and mischievous jurisdiction.
(519) Arrests in the army are made, as we suppose, by orders from headquarters, verbal or written. There is no affidavit and no warrant, other than the order. The person is detained in such way as may be necessary to keep him safely until a court-martial can be organized for trying him. He may be removed from one place to another, at the will of the military authority, and all this, we are bound to suppose, is in accordance with army regulations. We have no power to interfere for any purpose that we are aware of. *Page 335 
We affirm the judgment of the court below, and order the petitioner to be and remain in custody as before. Petitioner is also ordered to pay the costs.
NOTE. — Vide Wyrick's case, ante, 375.
Cited: S. v. Harrell, 107 N.C. 943.